```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Stanley R. Chesler |
| | | Crim. No. 10-633 (SRC) |
| v. | : | |
| | | ORDER |
| ANIA NOWAK and | : | |
| ZBIGNIEW CICHY | | |
| | : | |

This matter having come before the Court at a status conference held on August 4, 2011 in the presence of Paul J. Fishman, United States Attorney for the District of New Jersey (by Matthew E. Beck and Shirley U. Emehelu, Assistant U.S. Attorneys), defendant Ania Nowak (*pro se*), and defendant Zbigniew Cichy (Howard Brownstein, Esq., appearing), the Court hearing arguments of the parties, and it appearing that,

1.  As a result of answers to questions posed to defendant Nowak by the Court at the August 4, 2011 status conference and other recent court appearances as well as arguments defendant Nowak has made in certain written submissions to the Court, the Court has concerns regarding defendant Nowak's mental competency to stand trial; and

2.  A psychiatric or psychological evaluation is necessary to determine whether defendant Nowak presently suffers from any mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the

nature and consequences of the proceedings against her or to assist properly in her defense;

3. Despite electing to represent herself *pro se* and having been appointed standby counsel (Christopher Adams, Esq.) for trial purposes, defendant Nowak has requested Criminal Justice Act funds to hire a legal consultant to assist her in doing legal research; and

4. The United States has indicated that it intends to supersede the Superseding Indictment in this matter; and

5. The United States has not yet had an opportunity to take handwriting exemplars from the defendants which they have consented to providing;

6. As a result of the foregoing, the current trial date of August 9, 2011 must be adjourned and that the time from August 4, 2011 to December 31, 2011 is to be excluded in computing time under the Speedy Trial Act of 1974;

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

A. The Court has determined that defendant Nowak must receive a mental evaluation to determine her competency to stand trial which evaluation will take an undetermined period of time to be performed; and

B. Defendant Cichy's recently appointed counsel has indicated that he needs additional time to review discovery and to prepare a motion to severe; and

C. This case is sufficiently complex, due to the nature of the prosecution, that it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits established by Title 18, United States Code, Section 3161; and

D. The ends of justice served by granting the continuance of the trial date in this matter until December 31, 2011, outweigh the best interests of the public and the defendants in a speedy trial.

WHEREFORE, on this ___9___ day of August, 2011,

IT IS ORDERED that the trial date in this matter is continued until a date to be determined and that the period from August 4, 2011 through December 31, 2011 shall be excludable in computing time under the Speedy Trial Act of 1974, pursuant to Title 18, United States Code, Sections 3161(h)(1)(A) & (h)(7); and it is further

ORDERED that the parties shall appear for a status conference on September 6, 2011; and it is further

ORDERED that if the United States obtains a second superseding indictment prior to September 6, 2011, an arraignment on such indictment shall be held at the September 6, 2011 conference; and it is further

ORDERED that defendant Nowak shall receive a psychiatric or psychological evaluation at a place designated by the Court to determine whether the defendant presently suffers

from any mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense; and it is further

ORDERED that the United States shall wait to take handwriting exemplars from both defendants until after defendant Nowak's mental competency has been determined; and it is further

ORDERED that defendant Nowak's request for a legal consultant is denied.

_____
HON. STANLEY R. CHESLER
United States District Judge