NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | Criminal No. 10-633 (SRC) |
| v. : | |
| : | OPINION & ORDER |
| ANIA NOWAK and ZBIGNIEW CICHY, : | |
| : | |
| Defendants. : | |
| : | |
| : | |

**CHESLER**, District Judge

     This matter comes before the Court upon the motion filed by *pro se* Defendant Ania Nowak for a stay of this action pending appeal [docket entry 175]. Nowak represents to the Court in her motion that there are presently three rulings by this Court on appeal to the Third Circuit: (1) the Court's order of home confinement, (2) its denial of a motion brought by Nowak for recusal of the undersigned from this action, and (3) its denial of Nowak's request for an audio recording of the grand jury proceedings related to this action.

     The Court denies the motion because Nowak provides no authority supporting her position that a stay of this action would be appropriate or in the interests of justice. To the extent her motion may be construed as grounded in the argument that her taking appeals from the rulings listed above has divested this Court of jurisdiction, the motion lacks merit. Generally, the filing of a notice of appeal confers jurisdiction on a court of appeals and divests the district court of control but does so only "over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Moreover, this general rule,

designed to further judicial economy and prevent confusion, is subject to a number of exceptions, particularly in view of the danger that a litigant could bring proceedings to a standstill by filing frivolous appeals. Venen v. Sweet, 758 F.2d 117, 120-21 (3d Cir. 1985); United States v. Leppo, 634 F.2d 101, 104-05 (3d Cir. 1980). The Third Circuit has held: "One exception, in both civil and criminal cases is that the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable. . . . An appeal from a non-appealable judgment or order is sometimes characterized as a 'nullity'." Venen, 758 F.2d at 121 (quoting Plant Economy, Inc. v. Mirror Insulation Co., 308 F.2d 275, 277 n.7 (3d Cir.1962)).

Addressing each matter on appeal in turn, this Court concludes that Nowak's appeals do not divest this Court of jurisdiction to proceed with this action. Nowak's appeal of this Court's bail order confers jurisdiction on the Court of Appeals as to that limited issue. It does not impact the Court's retention of control over all other aspects of this action, and this Court may accordingly proceed while the bail ruling awaits adjudication by the Third Circuit. Nowak's appeals of the Court's rulings regarding recusal and regarding her request for recordings from the grand jury proceedings amount to nullities that do not interfere with this Court's jurisdiction. The ruling on Nowak's recusal motion is a non-appealable order. See Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993); City of Pittsburgh v. Simmons, 729 F.2d 953 (3d Cir. 1984). The appeal of the Court's order denying her request for an audio recording of the grand jury proceedings is frivolous, as the Government has decided not to pursue a Superseding Indictment and thus has discontinued the grand jury proceedings to which the order on appeal pertains. See Leppo, 634 F.2d at 105 (concluding that defendant's appeal from denial of a double jeopardy motion did not divest district court of jurisdiction to proceed with criminal trial

where district court had found the motion to be frivolous and supported its conclusions with written findings).

Accordingly, **IT IS** on this 14th day of May, 2011,

**ORDERED** that Defendant Ania Nowak's motion to stay these proceedings [docket entry 175] be and hereby is **DENIED**.

                                                 s/Stanley R. Chesler
                                                 STANLEY R. CHESLER
                                                 United States District Judge